IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Alexandria Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:09-cr-179 |
| MIRWAIS MOHAMADI, | ) | |
| | ) | |
| Defendant. | ) | |

**Government's Response in Opposition to Defendant's Motion to
Reopen § 2255 Proceedings Pursuant to Federal Rule of Civil Procedure 60**

In 2010, after a six-day trial, Mirwais Mohamadi was convicted of two counts of Hobbs Act robbery, two counts of brandishing a firearm during a crime of violence, felon in possession of a firearm, solicitation to commit murder for hire, murder for hire, and two counts of witness tampering. ECF No. 200. Beginning in 2014, Mohamadi brought numerous claims under 28 U.S.C. § 2255 challenging the validity of his convictions and sentence. Over the course of the next eight years, after multiple rounds of supplemental briefing and two remands from the Fourth Circuit, the Court disposed of each of Mohamadi's claims.

As relevant here, the Court rejected Mohamadi's challenge to the validity of his convictions under 18 U.S.C. § 924(c), finding his "§ 924(c) convictions were predicated upon substantive Hobbs Act robberies in violation of 18 U.S.C. § 1951," and "substantive Hobbs Act robbery categorically qualifies as a crime of violence" under § 924(c)(3)(A). ECF No. 309 at 5. The Fourth Circuit recognized that the Court denied Mohamadi's "claim, determining that the convictions remained valid because they were predicated on the offense of Hobbs Act robbery," but remanded for further consideration of Mohamadi's challenge to his sentence under the Armed Career Criminal Act ("ACCA"). After the Court denied Mohamadi's ACCA claim, the Fourth

Circuit declined to issue a certificate of appealability. *See United States v. Mohamadi*, No. 20-7917, 2022 WL 2304220, at *1 (4th Cir. June 27, 2022) (per curiam).

Mohamadi now moves under Federal Rule of Civil Procedure 60(b)(6) to reopen his § 2255 proceedings, arguing the Court failed to address whether one of his § 924(c) convictions (Count Three) remains valid after *United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020) (holding that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)(3)(A)), *aff'd*, 596 U.S. 845 (2022). Mohamadi has not satisfied any of the requirements for relief under Rule 60(b)(6). First, his motion to reopen is untimely, as he was aware of the basis for this claim as early as six years ago, when the Fourth Circuit decided *Taylor* and this Court declined to amend its order denying his ACCA claim. Second, he has not demonstrated extraordinary circumstances that justify reopening the § 2255 proceedings because the Court did address his challenge to the validity of his § 924(c) conviction. Third, Mohamadi does not have a meritorious claim because the record confirms that the predicate offense supporting Count Three was a completed, not attempted, Hobbs Act robbery. Fourth, reopening the § 2255 proceedings to permit Mohamadi to pursue this meritless claim would prejudice the government's interest in finality. For these reasons, the government respectfully requests that the Court deny the motion to reopen.

**Background**

I.    **Facts**

The following facts derive from the Fourth Circuit's opinion on Mohamadi's direct appeal. *See United States v. Mohamadi*, 461 F. App'x 328 (4th Cir. 2012) (per curiam).  In May 2007, Mohamadi hired a prostitute, Kimberly Riley.  *See id.* at 329.  Riley traveled from Rockville, Maryland to Mohamadi's apartment in Alexandria, Virginia, "where she was paid up front in large bills to engage in sexual activity with Mohamadi." *Id.*  Mohamadi "wanted to extend their sexual arrangement," so he paid Riley an additional sum of cash, and they drove together to a bar in the District of Columbia. *Id.*  Around 2:00 a.m. on May 27, 2007, after asking Riley "to drive him from the bar to an ATM," Mohamadi "forced" Riley "to drive to a deserted alley in the District, held her at gunpoint with a dark pistol, and robbed her of the day's cash earnings—totalling about $1600." *Id.* at 329–30.

Around 2:30 a.m., Mohamadi abandoned Riley's car and hailed a taxi driven by Gabru Haile. *Id.* at 330.  Although Mohamadi initially asked Haile "to drive him to the Landmark Mall in Alexandria," "Mohamadi changed his destination several times during the trip." *Id.*  "The trip ended at an apartment complex in Alexandria, where Mohamadi robbed Haile at gunpoint with a dark pistol." *Id.*

Local authorities charged Mohamadi with the armed robbery of Haile. *Id.*  While in custody awaiting trial, "Mohamadi sought to hire at least two inmates to murder Haile." *Id.*  The inmates "alerted federal authorities that Mohamadi had solicited Haile's murder." *Id.*  Mohamadi later paid his girlfriend to testify falsely in his state court trial, resulting in a hung jury. *Id.*

3

## II.     Mohamadi's trial and sentencing

In April 2009, a federal grand jury returned an indictment charging Mohamadi with ten counts as follows:

*Table 1: Charges Against Mohamadi*

| Count | Offense | Statutory Provisions |
|---|---|---|
| Count One | Hobbs Act robbery of Riley | 18 U.S.C. § 1951 |
| Count Two | Hobbs Act robbery of Haile | 18 U.S.C. § 1951 |
| Count Three | Use, carry, and brandish a firearm during a crime of violence—i.e., the robbery in Count One | 18 U.S.C. § 924(c)(1)(A)(ii) |
| Count Four | Use, carry, and brandish a firearm during a crime of violence—i.e., the robbery in Count Two | 18 U.S.C. § 924(c)(1)(A)(ii) |
| Count Five | Felon in possession of a firearm | 18 U.S.C. § 922(g)(1) |
| Count Six | Solicitation to commit murder for hire | 18 U.S.C. § 373 |
| Count Seven | Solicitation to commit murder for hire | 18 U.S.C. § 373 |
| Count Eight | Murder for hire | 18 U.S.C. § 1958 |
| Count Nine | Witness tampering | 18 U.S.C. § 1512(b)(3) |
| Count Ten | Witness tampering | 18 U.S.C. § 1512(b)(3) |

ECF No. 1.

At issue here is Count One, which alleged that, "[o]n or about May 26, 2007, and continuing to or through on or about May 27, 2007," Mohamadi "did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce . . . and the movement of articles and commodities in such commerce, by robbery . . . in that he did unlawfully attempt to take and obtain personal property consisting of United States currency, belonging to" Riley.  *Id.* at 6.

In March 2010, Mohamadi proceeded to trial.  As relevant here, Riley testified that Mohamadi pointed a gun at her head and took cash from her purse.  Trial Tr. vol. 3, 517–18, ECF No. 222.  She estimated Mohamadi took "at least 1,600" in cash and left "probably $300" in her purse.  *Id.* at 518–19.  Similarly, Detective Nicholas Lion of the Alexandria Police Department

4

testified that, in the early morning hours of May 27, 2007, Riley told him about $700 was taken from her.  Trial Tr. vol. 4, 992–93, ECF No. 223.

After the government rested its case, Mohamadi moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal on Count One, arguing the government "failed to make a sufficient showing" because Count One alleged "an attempt crime," but "[t]he Government put on evidence of a completed crime."  Trial Tr. vol. 4, 962, ECF No. 223.  The Court denied that motion, reasoning that "an attempt is a lesser included offense of the charge of the substantive completed offense," and that the government "demonstrated at this stage that they have shown at least an attempt if not a completed act."  *Id.* at 978.

During the charge conference, defense counsel argued that, if the Court concluded Count One was "charged as an attempt," then "the instruction needs to conform to that."  *Id.* at 1048. Counsel added, "Clearly this is a case where they have proved from their view a completed robbery, but that word [attempt] was inserted."  *Id.*  The Court agreed to "conform[]" the jury instructions "to the Hobbs Act as pled in the indictment," observing "[t]here was an attempt in one, but it was an attempt and obtain."  Trial Tr. vol. 5, 1060, ECF No. 224.

In closing, the government argued to the jury that Mohamadi robbed Riley.  *See* Charging Conference, Closing Arguments, & Jury Instructions Tr., 8, ECF No. 214 ("He held [a firearm] to her head, and he robbed her."); *id.* ("Both Mr. Haile and Ms. Riley identify this defendant as the person who robbed them at gunpoint."); *id.* at 11 (arguing "this defendant took Ms. Riley out to those clubs, he robbed her in one of those alleyways, and he ran back to the street"); *id.* at 15 (arguing "[t]he gun and the taking of the funds certainly occurred in the District of Columbia, ladies and gentlemen, but I would submit to you that it was a crime that originated here in the Eastern District of Virginia"); *id.* at 16 ("In both cases, the money that the defendant took by

5

threats and force from Mr. Haile and Ms. Riley would have been used in interstate commerce.").

Mohamadi, for his part, argued the jury should find him not guilty of Count One because Riley's

testimony was incredible. *See id.* at 23–31. He never disputed that the evidence, if believed,

proved a completed robbery. *Cf. id.* at 49 (arguing lack of venue in the Eastern District of Virginia

because, if the jury were "to conclude that Ms. Riley can be credited, her testimony is crystal clear

this robbery occurred in Washington, D.C.").

Finally, the Court instructed the jury. As relevant here, the Court described the offense

charged in Count One as follows:

> Count [One] of the indictment charges that . . . the defendant . . . did unlawfully
> obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce . . . ,
> and the movement of articles and commodities in such commerce, by robbery,
> defined as the unlawful taking or obtaining of personal property from the person or
> in the presence of another, against her will, by means of actual or threatened force
> or violence or fear of injury, immediate or future, to her person at the time of the
> taking or obtaining, in that he did unlawfully attempt to take and obtain personal
> property consisting of United States currency belonging to Kimberly Riley against
> her will by means of actual and threatened force, violence, and fear of immediate
> and future injury to her person, while Kimberly Riley was engaged in commercial
> activities . . . .

*Id.* at 85–86. Further, the Court instructed the jury as to the elements of Count One:

> The essential elements of Count [One] are that the government must prove three
> elements beyond a reasonable doubt: One, that the defendant induced Kimberly
> Riley to part with the property described in Count [One] of the indictment, the
> currency; the defendant did so knowingly and deliberately by robbery; and in so
> acting, interstate commerce was obstructed, delayed, or affected.

*Id.* at 87.

Ultimately, the jury found Mohamadi guilty of Counts One, Two, Three, Four, Seven,

Eight, Nine, and Ten, and not guilty of Count Six. ECF No. 159. The district court found

Mohamadi guilty of Count Five. ECF No. 162.

In June 2010, the Court sentenced Mohamadi to a total of 684 months' imprisonment and 5 years' supervised release. *See* ECF No. 200 at 2–3. The Fourth Circuit affirmed his convictions on direct appeal. *See Mohamadi*, 461 F. App'x at 336, *cert. denied*, 133 S. Ct. 2020 (2013).

### III.    Mohamadi's § 2255 proceedings

#### A. The Court denies Mohamadi's § 2255 motion, and the Fourth Circuit remands for further consideration.

In May 2014, Mohamadi moved to vacate his sentence under 28 U.S.C. § 2255. ECF No. 240. In support, he raised sixteen claims of ineffective assistance of trial and appellate counsel; challenges to the denial of his motions to represent himself and denial of his right to counsel of choice; and claimed a violation of *Alleyne v. United States*, 570 U.S. 99 (2013), in his § 924(c) sentences, actual innocence of Counts One and Two because the government failed to prove an effect on interstate commerce, and interference with his right to counsel. *See* ECF No. 241 at 3–45. In May 2016, Mohamadi filed a supplement to his § 2255 motion, reiterating he was deprived of counsel of choice and arguing the Court relied on the residual clause to enhance his sentence under ACCA. ECF No. 257 at 2–6. In July 2016, Mohamadi filed another supplement, arguing his § 924(c) convictions were invalid after *Johnson v. United States*, 576 U.S. 591 (2015), and that attempted Hobbs Act robbery did not qualify as a crime of violence. ECF No. 258 at 3–8, 8–16.

In May 2017, the Court issued a memorandum opinion and order denying Mohamadi's § 2255 motion. ECF No. 262. In June 2017, Mohamadi moved under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment. ECF No. 264. As relevant here, he argued the Court failed to address his *Johnson* claims. ECF No. 265 at 4–5. The Court denied the motion to amend, ECF No. 266, and Mohamadi noted an appeal, ECF No. 267. The Fourth Circuit determined the Court "did not address Mohamadi's claim that his sentence was unconstitutional under *Johnson* or Mohamadi's claim that he was denied the right to have a jury determine each

7

element of his convictions beyond a reasonable doubt." *United States v. Mohamadi*, 733 F. App'x 703, 704 (4th Cir. 2018) (per curiam).  Accordingly, the Fourth Circuit "dismiss[ed] the appeal as interlocutory" and remanded "for consideration of Mohamadi's unresolved claims." *Id.*

### B. After supplemental briefing, the Court denies Mohamadi's remaining claims, and the Fourth Circuit again remands for further consideration.

On remand, the Court directed the government to file a supplemental response addressing Mohamadi's outstanding claims.  ECF No. 275.  In October 2018, the government filed its supplemental response.  ECF No. 278.  As relevant here, the government argued Mohamadi's challenge to his § 924(c) conviction failed on the merits because the "predicate offense of Hobbs Act robbery is still a crime of violence."  *See id.* at 6–9.  In January 2019, the Court stayed Mohamadi's § 2255 motion pending the Supreme Court's decision in *Stokeling v. United States*, No. 17-5554, and the Fourth Circuit's decision in *United States v. Simms*, No. 15-4640.  ECF No. 286.

In *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc), the Fourth Circuit held that the residual clause of § 924(c), 18 U.S.C. § 924(c)(3)(B), is unconstitutionally vague.  In *Stokeling v. United States*, 586 U.S. 73, 75 (2019), the Supreme Court held that a robbery offense that requires "the use of force sufficient to overcome a victim's resistance" satisfies ACCA's force clause, § 924(e)(2)(B)(i).  And in *United States v. Davis*, 588 U.S. 445, 470 (2019), the Supreme Court held that § 924(c)(3)(B)'s residual clause is unconstitutionally vague.

In July 2019, the government filed a second supplemental response.  ECF No. 296.  The government maintained that Mohamadi's § 924(c) convictions remained valid after *Davis* and *Johnson* because they were predicated on Hobbs Act robbery, which satisfies the force clause.  *Id.* at 5–7.  The government subsequently notified the Court of the Fourth Circuit's intervening

decision in *United States v. Mathis*, 923 F.3d 242, 266 (4th Cir. 2019), holding that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). *See* ECF No. 297.

In September 2019, the Court issued an order directing defense counsel to "provide any supplemental briefing or evidence needed to support Defendant's motion seeking relief from a conviction under 18 U.S.C. § 924(c)." ECF No. 303 at 1. In November 2019, Mohamadi filed a memorandum in support of the remanded issues raised in his § 2255 motion. ECF No. 307. In relevant part, he disputed that the predicate offenses supporting his § 924(c) convictions could be sustained under the force clause and did not depend on the residual clause. *See id.* at 7–10. He reasoned that, "[a]lthough the jury was instructed on the Hobbs Act robberies in Count 1 and 2, they were also offered an[] instruction that Counts 3 and 4 could be sustained with a finding that Mohamadi committed a 'crime of violence' under the 'residual clause' of 18 U.S.C. § 924(c)(3)(B)." *Id.* at 9.

In November 2019, the Court issued an order dismissing Mohamadi's remanded claims. ECF No. 309. The Court described "[t]he first issue" as "whether Petitioner's convictions on Counts 3 and 4 resulted in an unconstitutional sentence under *Johnson* and its progeny." *Id.* at 4. "Because *Davis* invalidated the residual clause," the Court observed, "Petitioner's convictions are valid, and his sentence is constitutional, if Counts 3 and 4 were predicated upon a force clause crime of violence." *Id.* at 5. The Court determined that "[h]ere, Petitioner's § 924(c) convictions were predicated upon substantive Hobbs Act robberies in violation of 18 U.S.C. § 1951." *Id.* And the Fourth Circuit had "squarely held 'that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).'" *Id.* (quoting *Mathis*, 932 F.3d at 266). Therefore, "[b]ecause Petitioner's convictions were predicated on Hobbs Act robbery, and substantive Hobbs

9

Act robbery categorically qualifies as a crime of violence under § 924(c)(3)['s] force clause, Petitioner's convictions are valid." *Id.* Mohamadi noted his appeal. ECF No. 311.

The Fourth Circuit again dismissed the appeal as interlocutory and remanded to this Court for consideration of an unresolved claim. *See United States v. Mohamadi*, 822 F. App'x 193, 194 (4th Cir. 2020) (per curiam). The Fourth Circuit explained that, on remand, this Court "described the first claim as a question of whether Mohamadi's 18 U.S.C. § 924(c) convictions were unconstitutional under *Johnson*." *Id.* "The district court denied this claim, determining that the convictions remained valid because they were predicated on the offense of Hobbs Act robbery, which this court has determined is a crime of violence under § 924(c)(3)(A)'s force clause." *Id.* Nonetheless, the Fourth Circuit concluded, this Court failed to "address Mohamadi's claim" that "his sentence enhancement under the ACCA was unconstitutional because, under *Johnson*, he no longer had three predicate convictions that qualified as violent felonies." *Id.*

### C. The Court denies Mohamadi's remaining claim, and the Fourth Circuit declines to issue a certificate of appealability.

On remand, the Court issued an order denying Mohamadi's remaining claim. ECF No. 325. In November 2020, Mohamadi filed a pro se motion to alter or amend the judgment, arguing the Court failed to consider *United States v. Taylor*, 979 F.3d 203, 210 (4th Cir. 2020) (holding that attempted Hobbs Act robbery is not categorically a crime of violence under § 924(c)(3)(A)). ECF No. 327 at 1. Specifically, he argued that, under *Johnson*, *Simms*, *Davis*, and *Taylor*, his prior Virginia convictions for attempted robbery did not qualify as ACCA violent felonies. *Id.* at 2. The government then moved the Court to hold Mohamadi's motion in abeyance pending the Fourth Circuit's resolution of the government's petition for rehearing en banc in *Taylor*. ECF No. 238. The government explained that "*Taylor* may impact Petitioner's Armed Career Criminal Act

10

sentence," emphasizing that "the issue of whether Virginia common law robbery is a violent felony has been marked by shifting doctrinal terrain." *Id.* at 1, 2.

In December 2020, the Court issued an order denying Mohamadi's motion to amend and the government's motion for abeyance. ECF No. 329. The Court did not "read *Taylor* as inconsistent with its prior decision." *Id.* at 1. The Court observed that "[t]he elements of Hobbs Act robbery and Virginia common law robbery are inconsistent" and took "explicit direction from the conspicuous contrast *Taylor* draws between Hobbs Act robbery and common law robbery." *Id.* at 2. Further, the Court explained, its "position" was "buttressed by contemporary Fourth Circuit opinions implying that common law robbery, by its nature, is a crime of violence." *Id.* at 3. Finally, the Court "reiterate[d] that it ran Petitioner's 15-year mandatory minimum sentence under the ACCA concurrently with his other sentences for his other Counts," so "Petitioner's time of incarceration is not being impacted by his designation as an armed career criminal." *Id.* Mohamadi noted his appeal. ECF No. 330.

In June 2022, the Supreme Court issued its decision in *United States v. Taylor*, 596 U.S. 845, 851 (2022), holding that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A). Six days later, the Fourth Circuit dismissed Mohamadi's appeal, finding he had "not made the requisite showing" for a certificate of appealability. *United States v. Mohamadi*, No. 20-7917, 2022 WL 2304220, at *1 (4th Cir. June 27, 2022) (per curiam). Mohamadi petitioned for rehearing, citing the Supreme Court's decision in *Taylor*. *See* Appellant Mirwais Mohamadi's Petition for Rehearing at 1, 6, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed July 18, 2022), Doc. No. 13. The Fourth Circuit denied rehearing. Order, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed Aug. 30, 2022), Doc. No. 15. The Supreme Court denied Mohamadi's certiorari petition. *Mohamadi v. United States*, 143 S. Ct. 826 (2023).

11

**Analysis**

"Federal Rule of Civil Procedure 60(b) permits 'a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'" *Kemp v. United States*, 596 U.S. 528, 533 (2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). "Rule 60(b) applies to § 2255 proceedings, but only to the extent that [it is] not inconsistent with applicable statutory provisions and rules." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal quotation marks omitted).

## I. The Court has jurisdiction to adjudicate Mohamadi's motion.

The Court must first determine whether it has jurisdiction to consider Mohamadi's Rule 60(b) motion or whether it constitutes an unauthorized, successive § 2255 motion. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003), *abrogated on other grounds by McRae*, 793 F.3d 392; *see also, e.g.*, *Richardson v. Thomas*, 930 F.3d 587, 597 (4th Cir. 2019). "[T]he proper treatment of the motion depends on the nature of the claims presented." *Winestock*, 340 F.3d at 206–07. In particular, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." *Id.* at 207.

A Rule 60(b) motion that "challenges only the District Court's failure to reach the merits does not warrant [] treatment" as a "successive habeas petition." *Gonzalez*, 545 U.S. at 538. Here, Mohamadi asks the Court to reopen the § 2255 proceedings "to correct a fundamental defect in the integrity of those proceedings," namely, the Court's purported "failure to consider a claim" and apply the Fourth Circuit's decision in *Taylor* to assess the validity of his conviction on Count Three. ECF No. 342 at 1. Therefore, the Court has jurisdiction to adjudicate his motion. *See, e.g.*,

12

*United States v. Montecinos*, 711 F. App'x 166, 166 (4th Cir. 2018) (per curiam) (reasoning that "[i]f a Rule 60(b) movant argues that the district court erred by failing to consider a claim she raised in her federal habeas petition and the movant actually raised that claim in her petition, then the motion is a true Rule 60(b) motion," not an unauthorized successive § 2255 motion).

## II.    Mohamadi is not entitled to relief under Rule 60(b)(6).

The Court must next address whether Mohamadi is entitled to relief on his motion. Mohamadi invokes Rule 60(b)(6), which authorizes reopening a final judgment for "any other reason that justifies relief." This "option is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp*, 596 U.S. at 533. Additionally, "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c). Accordingly, "[t]o obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). A "movant seeking relief under Rule 60(b)(6)" must also "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

Mohamadi is not entitled to reopen his § 2255 proceedings under Rule 60(b)(6) because he has not satisfied any of the four requirements for relief. First, his motion to reopen six years after the Fourth Circuit decided *Taylor* and this Court declined to amend its order denying his ACCA claim is untimely. Second, he has not demonstrated "extraordinary circumstances" that justify the requested relief because the Court did address his challenge to the validity of his § 924(c) conviction in the underlying § 2255 proceedings. Third, Mohamadi does not have a meritorious claim because the record confirms that the predicate offense supporting Count Three was a

13

completed, not attempted, Hobbs Act robbery. Finally, reopening the § 2255 proceedings to permit Mohamadi to pursue this meritless claim would prejudice the government's interest in finality. Therefore, the Court should deny the motion to reopen.

### A. Mohamadi's motion is untimely.

"Rule 60(c)(1) requires that 60(b) motions 'be made within a reasonable time,' and the movant bears the burden of showing timeliness." *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016) (citation omitted). Mohamadi argues the Court should reopen his § 2255 proceedings because it failed to address his claim that Count Three lacked a valid predicate after the Fourth Circuit's decision in *Taylor* holding that attempted Hobbs Act robbery does not categorically qualify as a crime of violence. *See Taylor*, 979 F.3d at 208–10.

The Fourth Circuit issued its decision in *Taylor* on October 14, 2020. *See id.* On October 20, 2020, the Court issued its order on the second remand from the Fourth Circuit denying Mohamadi's ACCA claim. ECF No. 325. And on December 1, 2020, the Court issued an order denying Mohamadi's motion to amend the judgment based on *Taylor*. ECF No. 329. The Supreme Court affirmed the Fourth Circuit's decision in *Taylor* on June 21, 2022. *See* 596 U.S. 845 (2022). Six days later, on June 27, 2022, the Fourth Circuit dismissed Mohamadi's appeal from the Court's order denying his § 2255, finding he had "not made the requisite showing" for a certificate of appealability. *United States v. Mohamadi*, No. 20-7917, 2022 WL 2304220, at *1 (4th Cir. June 27, 2022) (per curiam). Finally, on August 30, 2022, the Fourth Circuit denied Mohamadi's petition for rehearing based on *Taylor*. *See* Order, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed Aug. 30, 2022), Doc. No. 15.

Mohamadi did not file the instant motion under Rule 60(b) until June 10, 2026. *See* ECF No. 342. That was nearly six years after the Fourth Circuit decided *Taylor* and after the Court

issued the order, ECF No. 329, of which he complains.  Meanwhile, Mohamadi cited the Fourth Circuit's decision in *Taylor* in his November 18, 2020, motion to amend the judgment, claiming it supported his argument that his prior Virginia convictions for attempted robbery did not qualify as ACCA violent felonies.  ECF No. 327 at 2.  Likewise, Mohamadi cited the Supreme Court's decision in *Taylor* in his July 18, 2022, petition for rehearing of the Fourth Circuit's order dismissing his appeal.  *See* Appellant Mirwais Mohamadi's Petition for Rehearing at 1, 6, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed July 18, 2022), Doc. No. 13.  Plainly, Mohamadi "knew or should have known the basis for his 60(b) claim" years ago.  *See Moses*, 815 F.3d at 166; *see also, e.g.*, *United States v. Salas*, 807 F. App'x 218, 229 (4th Cir. 2020) (holding, where the "error was apparent, . . . by the latest when *Clay* [*v. United States*, 537 U.S. 522 (2003),] was decided in March 2003, which is why Salas relied on *Clay* in his first Rule 60(b) motion filed in September 2003," that his claim was "certainly not timely now, well over a decade after the purported error became clear").

Mohamadi claims this is not "a case of delay" because the "defect" was "latent," "Court-created," and "remained concealed only because the Court denied reconsideration without acknowledging the Count 3/*Taylor* issue at all."  ECF No. 342 at 17.  But Mohamadi appealed from the Court's order denying his motion to amend the judgment.  *See* ECF No. 330.  That appeal was the time for him to raise the argument that the Court failed to adjudicate one of his claims. *See, e.g.*, *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc) ("[I]f the reason asserted for the Rule 60(b)(6) motion could have been addressed on appeal from the judgment, we have denied the motion as merely an inappropriate substitute for appeal."); *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam) ("A Rule 60(b) motion may not substitute for a timely appeal.").  In fact, Mohamadi argued on appeal that his conviction on Count Three lacked a valid predicate

because the Fourth Circuit's decision in *Taylor* established that attempted Hobbs Act robbery is not categorically a crime of violence. *See* Informal Opening Brief at 33–38, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed Feb. 1, 2021), Doc. No. 8; *see also* Supplemental Informal Opening Brief at 1–2, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed May 25, 2021), Doc. No. 10 (arguing he was entitled to vacatur of his conviction on Count Three because the predicate offense was an attempted Hobbs Act robbery). Permitting Mohamadi to reopen his § 2255 proceedings to relitigate his unsuccessful claim now would "erode the 'principle of finality . . . essential to the operation of our criminal justice system.'" *Moses*, 815 F.3d at 167 (quoting *Teague v. Lane*, 489 U.S. 288, 309 (1989)).

The only authority Mohamadi cites in support of his contention that his motion is timely is *Buck v. Davis*, 580 U.S. 100 (2017), for the proposition that "eight years had passed before the petitioner in *Buck* filed his Rule 60(b) motion." ECF No. 342 at 16. It is true that, in *Buck*, the district court initially denied Buck's habeas petition in July 2006, *see* 580 U.S. at 110–11, and he did not file his Rule 60(b)(6) motion until January 2014, *see id.* at 112. But Buck was not aware of the basis for his Rule 60(b) claim for eight years. Instead, his Rule 60(b)(6) motion relied on the Supreme Court's intervening decisions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013). *See id.* at 105.

Mohamadi further suggests that *Buck* shows that "extraordinary circumstances eclipse any lapse in time." ECF No. 342 at 17. But the majority opinion in *Buck* contains no discussion of Rule 60(c), let alone the timeliness of Buck's Rule 60(b) motion. *See generally* 580 U.S. at 104–28; *but see id.* at 136 (Thomas, J., dissenting) (questioning the timeliness of the motion). Regardless, as explained *infra*, no extraordinary circumstances excuse the untimeliness of Mohamadi's Rule 60(b) motion in this case.

16

Accordingly, Mohamadi's motion was not filed "within a reasonable time" under Rule 60(c). *See, e.g.*, *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 300 (4th Cir. 2017) (holding, where movant "waited more than two years to file its Rule 60(b) motion," that the "delay [was] not reasonably timely"); *Moses*, 815 F.3d at 166 (holding that delays of "nearly two-and-a-half years" and "fifteen months" in bringing Supreme Court decisions to the district court's attention in Rule 60(b) motion were "inordinate"). The Court can deny Mohamadi's motion on this basis alone. *Cf. Justus v. Clarke*, 78 F.4th 97, 106 (4th Cir. 2023) ("Because a party must demonstrate both timeliness and 'extraordinary circumstances' to prevail under Rule 60(b)(6), either finding, if upheld, would provide grounds for dismissing [the] motion.").

### B.    Mohamadi has not shown extraordinary circumstances justifying the reopening of the § 2255 proceedings.

The Supreme Court's "cases have required a movant seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez*, 545 U.S. at 535 (quoting *Ackermann*, 340 U.S. at 199). "Such circumstances will rarely occur in the habeas context." *Id.* "Thus, despite Rule 60(b)(6)'s 'open-ended language,' the Supreme Court has 'firmly reined in' the provision's scope by requiring extraordinary circumstances to invoke it." *Bixby v. Stirling*, 90 F.4th 140, 147 (4th Cir. 2024) (quoting *Moses*, 815 F.3d at 168). Courts assessing the existence of extraordinary circumstances appropriately "consider the risk of injustice to the parties in the particular case, the risk that the denial of relief will produce injustice in other cases, and the risk of undermining the public's confidence in the judicial process." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988). Mohamadi claims two extraordinary circumstances warrant reopening his § 2255 proceedings. Neither contention has merit.

First, Mohamadi argues extraordinary circumstances exist because the Court "never answered the question that decides whether Mr. Mohamadi is lawfully imprisoned on Count 3:

17

whether attempted Hobbs Act robbery can serve as a predicate for one of his § 924(c) convictions after *Taylor*." ECF No. 342 at 13; *see also id.* at 15 (arguing that "[t]he core *Taylor/Davis* claim as to Count 3 has never received a merits ruling"). As a threshold matter, Mohamadi cites no authority supporting the proposition that a district court's failure to address an argument is an extraordinary circumstance justifying the reopening of a final judgment. The Fourth Circuit indicated in an unpublished opinion that an argument that the district court failed to consider a claim actually raised in a federal habeas petition is a "true Rule 60(b) motion," not "a successive federal habeas petition." *See Montecinos*, 711 F. App'x at 167. But that answers only the question of jurisdiction over the motion, not whether the motion establishes "extraordinary circumstances" justifying reopening. *Cf. Richardson*, 930 F.3d at 597 (explaining that "[o]nly if the district court determines that the motion" is not a successive habeas motion "may the district court proceed to exercise its discretion under Rule 60(b)(6) to decide whether the motion satisfies Rule 60(b)'s requirements of timeliness and extraordinary circumstances").

Mohamadi relies on *Buck*, *see* ECF No. 342 at 13–14, but the extraordinary circumstances in that case had nothing to do with a district court's failure to adjudicate a claim. In *Buck*, the petitioner argued his trial counsel rendered ineffective assistance by calling an expert who testified, at the penalty stage of his capital case, that Buck's race increased his propensity for violence. *Buck*, 580 U.S. at 104. Agreeing with the district court's conclusion that "counsel's performance fell outside the bounds of competent representation," *id.* at 119, the Supreme Court went on to conclude Buck had "demonstrated prejudice" because the expert's "opinion coincided precisely with a particularly noxious strain of racial prejudice, which itself coincided precisely with the central question at sentencing," namely, Buck's future dangerousness, *id.* at 121, 122. The Supreme Court further held that Buck had demonstrated extraordinary circumstances under Rule

18

60(b)(6) because the Court's "holding on prejudice makes clear that Buck may have been sentenced to death in part because of his race." *Id.* at 123. Continuing, the Supreme Court explained, "[r]elying on race to impose a criminal sanction" "injures not just the defendant, but 'the law as an institution, . . . the community at large, and . . . the democratic ideal reflected in the processes of our courts,'" which "concerns are precisely among those we have identified as supporting relief under Rule 60(b)(6)." *Id.* at 124 (quoting *Rose v. Mitchell*, 443 U.S. 545, 556 (1979)).

Here, by contrast, Mohamadi has identified no circumstance that risks "undermining the public's confidence in the judicial process." *Liljeberg*, 486 U.S. at 864. Instead, the multiple rounds of briefing on his § 2255 claims and multiple remands from the Fourth Circuit show that the Court did consider Mohamadi's challenge to his conviction on Count Three and simply found it lacked merit. Following Mohamadi's appeal from the denial of his initial § 2255 motion, the Fourth Circuit determined the Court "did not address Mohamadi's claim that his sentence was unconstitutional under *Johnson*" and remanded for further consideration of that claim. *Mohamadi*, 733 F. App'x at 704. On remand, the Court ordered the government to file a supplemental response addressing Mohamadi's outstanding claims, ECF No. 275, then stayed Mohamadi's § 2255 motion pending the Supreme Court's decision in *Stokeling v. United States*, No. 17-5554, and the Fourth Circuit's decision in *United States v. Simms*, No. 15-4640, ECF No. 286.

After the Fourth Circuit decided *Simms* and the Supreme Court decided *Stokeling* and *Davis*, the Court ordered Mohamadi to "provide any supplemental briefing or evidence needed to support Defendant's motion seeking relief from a conviction under 18 U.S.C. § 924(c)." ECF No. 303 at 1. After receiving that briefing, ECF No. 307, the Court denied Mohamadi's claim on the merits. The Court correctly described the issue as "whether Petitioner's convictions on Counts 3

19

and 4 resulted in an unconstitutional sentence under *Johnson* and its progeny." ECF No. 309 at 4. "Because *Davis* invalidated the residual clause," the Court understood, "Petitioner's convictions are valid, and his sentence is constitutional, if Counts 3 and 4 were predicated upon a force clause crime of violence." *Id.* at 5. The Court determined that "[h]ere, Petitioner's § 924(c) convictions were predicated upon substantive Hobbs Act robberies in violation of 18 U.S.C. § 1951." *Id.* And the Fourth Circuit had "squarely held 'that Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c).'" *Id.* (quoting *Mathis*, 932 F.3d at 266). Therefore, "[b]ecause Petitioner's convictions were predicated on Hobbs Act robbery, and substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)['s] force clause, Petitioner's convictions are valid." *Id.*

When Mohamadi again appealed, the Fourth Circuit expressly recognized that this Court had addressed the challenge to Mohamadi's § 924(c) conviction he presses here:

> The district court described the first claim as a question of whether Mohamadi's 18 U.S.C. § 924(c) convictions were unconstitutional under *Johnson*. The district court denied this claim, determining that the convictions remained valid because they were predicated on the offense of Hobbs Act robbery, which this court has determined is a crime of violence under § 924(c)(3)(A)'s force clause.

*Mohamadi*, 822 F. App'x at 193–94. Accordingly, when the Fourth Circuit remanded for a second time, it was only for the Court to "address Mohamadi's claim" that "his sentence enhancement under the ACCA was unconstitutional because, under *Johnson*, he no longer had three predicate convictions that qualified as violent felonies." *Id.* at 194. For that reason, when Mohamadi cited the Fourth Circuit's decision in *Taylor* in his motion to alter or amend the order denying his ACCA claim, *see* ECF No. 327 at 1–2, the Court had no occasion to revisit whether Mohamadi's conviction on Count Three—predicated on completed, not attempted, Hobbs Act robbery—still satisfied § 924(c)(3)(A). *Cf.* ECF No. 329 at 1 (denying motion to amend order upholding ACCA designation based on the Court's determination that *Taylor* was not "inconsistent with its prior

20

decision").

Second, Mohamadi suggests that extraordinary circumstances to reopen the § 2255 proceedings exist because "the government itself has recognized that enforcing the judgment would offend basic principles of justice." ECF No. 342 at 15. In support, he relies on the fact that, after he moved to alter or amend the order denying his ACCA claim, arguing the Court failed to consider *Taylor*, ECF No. 327 at 1–2, the government moved to hold Mohamadi's motion in abeyance pending the Fourth Circuit's resolution of the government's petition for rehearing en banc in *Taylor*, ECF No. 328. Contrary to Mohamadi's assertion, the government's filing did not "signal[] its own recognition that *Taylor* undermined the legality of Count 3." ECF No. 342 at 15. Instead, explaining that "the Fourth Circuit remanded Petitioner's case back to this Court for consideration of one outstanding issue," specifically, his ACCA claim, the government "recognize[d] that *Taylor* may impact Petitioner's Armed Career Criminal Act sentence." ECF No. 328 at 1. The motion said nothing about Count Three. *See generally id.* at 1–3. For good reason: the Court had already ruled that Count Three was validly predicated on a completed Hobbs Act robbery, *see* ECF No. 309 at 5, and the Fourth Circuit did not remand that claim for further consideration, *see Mohamadi*, 822 F. App'x at 194.

Mohamadi also relies on the government's policy of waiving procedural defenses to § 2255 motions in cases involving "undisputed legal ineligibility for an enhanced noncapital sentence— that is, a sentence above the applicable statutory maximum." Brief for the United States in Opposition at 5–6, *Lairy v. United States*, No. 25-821, 2026 WL 1853982 (U.S. filed Apr. 13, 2026). The key distinction here is that Mohamadi's challenge to his § 924(c) conviction is not "undisputed." As detailed *infra*, the government maintains that his conviction in Count Three is validly predicated on a completed Hobbs Act robbery. That renders this case unlike *Buck*, where

the State of Texas "confessed error," waived "all procedural defenses," and consented "to resentencing" for five defendants whose capital sentences were obtained using testimony that allowed the jury to consider race as a factor. *See Buck*, 580 U.S. at 124–25. The government has every interest in defending the finality of valid convictions, and Mohamadi has failed to establish extraordinary circumstances to disturb the judgment. That failure, by itself, is enough to deny his motion. *Cf. Justus*, 78 F.4th at 106.

### C.     Mohamadi does not have a meritorious claim.

Even if the Court were to conclude that Mohamadi's Rule 60(b) motion is timely and extraordinary circumstances exist, it should nonetheless deny the motion because the claim he seeks to pursue lacks merit. Although Mohamadi insists his "motion does not ask the Court to decide the merits now," ECF No. 342 at 2, "relief from a judgment under Rule 60(b)" requires the movant to show "that he has a meritorious claim or defense," *Welsh*, 879 F.3d at 533; *cf. Allen v. Stein*, 165 F.4th 272, 290 (4th Cir. 2026) (concluding the district court's decision granting relief under Rule 60(b)(6) was "fatally flawed" because it "bypassed the second and third prongs of the Rule 60(b) analysis—i.e., that the movant must establish that he has a meritorious claim or defense and that the opposing party will not suffer unfair prejudice").

Mohamadi's central contention is that Count Three is invalid after *Taylor* because it is predicated on an attempted Hobbs Act robbery. *See* ECF No. 342 at 1, 9, 13, 17, 18. Whereas a completed Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A), *see, e.g.*, *United States v. Green*, 67 F.4th 657, 668–70 (4th Cir. 2023), an attempted Hobbs Act robbery does not, *see Taylor*, 596 U.S. at 851–52. "[T]he difference between a completed robbery and an attempted one comes down to whether property changed hands." *United States v. Hughes*, 117 F.4th 104, 108 (3d Cir. 2024) (citing *Taylor*, 596 U.S. at 851–52).

Identifying the predicate offense supporting a § 924(c) conviction is "a factual question." *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021); *see also United States v. Said*, 26 F.4th 653, 661 n. 13 (4th Cir. 2022). Here, Count Three alleged that Mohamadi "did knowingly and unlawfully use, carry and brandish a firearm . . . during and in relation to a crime of violence . . . , to-wit: interference with commerce by violence, in violation of Title 18, United States Code, Section 1951, as set forth in Count 1 of this indictment." ECF No. 1 at 8. Count One, in turn, alleged that Mohamadi "did unlawfully obstruct, delay and affect, and attempt to obstruct, delay and affect, commerce . . . and the movement of articles and commodities in such commerce, by robbery . . . in that he did unlawfully attempt to take and obtain personal property consisting of United States currency, belonging to" Riley. *Id.* at 6. In rejecting Mohamadi's challenge to the validity of his § 924(c) convictions, the Court found that Mohamadi's "§ 924(c) convictions were predicated upon substantive Hobbs Act robberies in violation of 18 U.S.C. § 1951." ECF No. 309 at 5. That conclusion is amply supported by the record in this case.

Notwithstanding any stray language in Count One of the indictment, the evidence at trial proved a completed robbery. Specifically, Riley testified that Mohamadi pointed a gun at her head and took "at least 1,600" in cash from her purse. Trial Tr. vol. 3, 517–19, ECF No. 222. Similarly, Detective Lion testified that Riley reported that about $700 was taken from her. Trial Tr. vol. 4, 992–93, ECF No. 223.

The parties' contemporaneous arguments confirm that understanding. Mohamadi's trial counsel repeatedly conceded the government had proven a completed robbery. *See, e.g.*, Trial Tr. vol. 4, 962, ECF No. 223 (arguing, in support of Rule 29 motion, that Count One alleged "an attempt crime," but "[t]he Government put on evidence of a completed crime"); *id.* at 1048 (arguing during charge conference that "[c]learly this is a case where they have proved from their

view a completed robbery, but that word [attempt] was inserted"). And the government maintained throughout its closing argument that Mohamadi had robbed Riley. *See* Charging Conference, Closing Arguments, & Jury Instructions Tr., 8, ECF No. 214 ("He held [a firearm] to her head, and he robbed her."); *id.* ("Both Mr. Haile and Ms. Riley identify this defendant as the person who robbed them at gunpoint."); *id.* at 11 (arguing "this defendant took Ms. Riley out to those clubs, he robbed her in one of those alleyways, and he ran back to the street"); *id.* at 15 (arguing "[t]he gun and the taking of the funds certainly occurred in the District of Columbia, ladies and gentlemen, but I would submit to you that it was a crime that originated here in the Eastern District of Virginia"); *id.* at 16 ("In both cases, the money that the defendant took by threats and force from Mr. Haile and Ms. Riley would have been used in interstate commerce."). Mohamadi, for his part, disputed Riley's credibility, *id.* at 23–31, but never disputed that the evidence, if believed, proved a completed robbery.

Likewise, the Court's instructions required the jury to find the elements of a completed robbery. To be sure, the instruction describing the offense charged in Count One repeated the indictment's language referring to both completed and attempted robbery:

> Count [One] of the indictment charges that . . . the defendant . . . did unlawfully obstruct, delay, and affect and attempt to obstruct, delay, and affect commerce . . . , and the movement of articles and commodities in such commerce, by robbery, defined as the unlawful taking or obtaining of personal property from the person or in the presence of another, against her will, by means of actual or threatened force or violence or fear of injury, immediate or future, to her person at the time of the taking or obtaining, in that he did unlawfully attempt to take and obtain personal property consisting of United States currency belonging to Kimberly Riley against her will by means of actual and threatened force, violence, and fear of immediate and future injury to her person, while Kimberly Riley was engaged in commercial activities . . . .

*Id.* at 85–86. But the Court's instruction on the elements of Count One required the jury to find Mohamadi had taken property from Riley:

The essential elements of Count [One] are that the government must prove three elements beyond a reasonable doubt: One, that the defendant induced Kimberly Riley to part with the property described in Count [One] of the indictment, the currency; the defendant did so knowingly and deliberately by robbery; and in so acting, interstate commerce was obstructed, delayed, or affected.

*Id.* at 87.

On this record, the jury necessarily found that Mohamadi completed the robbery of Riley. *See, e.g.*, *Ali*, 991 F.3d at 576 (upholding § 924(c) conviction notwithstanding plain error in jury instruction where "[a]ll of th[e] unrebutted evidence in the record support[ed] a finding that [the defendant] aided and abetted the robberies"); *see also Hughes*, 117 F.4th at 108 (upholding § 924(c) convictions notwithstanding plain error in jury instruction because "[o]n these facts, the jury could not plausibly have thought that [the defendant] stopped short of taking his victims' property"). Therefore, the Court properly determined that Mohamadi's § 924(c)'s "convictions were predicated on Hobbs Act robbery" and, because "substantive Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)['s] force clause, Petitioner's convictions are valid." ECF No. 309 at 5.

### D.    Reopening the § 2255 proceedings will unfairly prejudice the government.

Finally, although "[t]he prejudice factor is of lesser importance," the Court should deny Mohamadi's motion because the government "would be unfairly prejudiced" by reopening the § 2255 proceedings. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264, 265 (4th Cir. 1993).

Mohamadi asserts that "the government can make no such claim" of prejudice, ECF No. 342 at 18, again referencing the government's policy of waiving procedural defenses to § 2255 motions involving "undisputed legal ineligibility for an enhanced noncapital sentence—that is, a sentence above the applicable statutory maximum," Brief for the United States in Opposition at 5–

25

6, *Lairy*, 2026 WL 1853982.  As detailed, *supra*, that policy is inapposite here because Mohamadi's challenge to his § 924(c) conviction is not "undisputed."  Mohamadi's conviction and sentence on Count Three are valid, and the government has no policy of waiving procedural defenses for meritless claims.

Mohamadi also contends that the government cannot assert "prejudice from the timing of this motion" because "finality carries little weight when the government itself lacks a legitimate stake in enforcing the judgment."  ECF No. 342 at 18.  To the contrary, the government has a strong interest in promoting the finality of valid convictions.  Mohamadi had a fulsome opportunity to litigate his § 2255 claims over the course of eight years through his § 2255 motion, supplements, and three appeals.  Mindful of the need for district courts to fully adjudicate such claims, the Fourth Circuit twice remanded this case for further consideration of Mohamadi's outstanding claims.  *See Mohamadi*, 822 F. App'x at 194; *Mohamadi*, 733 F. App'x at 704.  But when Mohamadi argued his conviction on Count Three lacked a valid predicate based on the Fourth Circuit's decision in *Taylor*, *see* Informal Opening Brief at 33–38, *United States v. Mohamadi*, No. 20-7917 (4th Cir. filed Feb. 1, 2021), Doc. No. 8, the Fourth Circuit concluded he had "not made the requisite showing" for a certificate of appealability, *Mohamadi*, 2022 WL 2304220, at *1.  And although Mohamadi invoked the Supreme Court's decision in *Taylor* as a basis for rehearing, *see* Appellant Mirwais Mohamadi's Petition for Rehearing at 1, 6, *Mohamadi*, No. 20-7917 (4th Cir. filed July 18, 2022), Doc. No. 13, the Fourth Circuit declined further review, Order, *Mohamadi*, No. 20-7917 (4th Cir. filed Aug. 30, 2022), Doc. No. 15.  Thus, his challenge to his § 924(c) conviction has been fully aired, and reopening the § 2255 proceedings now would only serve to disturb the finality of a valid judgment.

## Conclusion

For the foregoing reasons, the Court should deny Mohamadi's Motion to Reopen § 2255

Proceedings Pursuant to Federal Rule of Civil Procedure 60(b).

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

By: _____/s/_____

Jacqueline R. Bechara
Virginia Bar Number 98969
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:   (703) 299-3700
Fax:      (703) 299-3980
Email:    jacqueline.bechara@usdoj.gov

27

**Certificate of Service**

I certify that on July 10, 2026, I electronically filed a copy of the foregoing with the

Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF)

to all counsel of record.


By: _____/s/_____

Jacqueline R. Bechara
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Office:  (703) 299-3700
Fax:      (703) 299-3980
Email:  jacqueline.bechara@usdoj.gov

28